# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:**<br>ROBERT JOHN REED a/k/a<br>ROBERT J. REED a/k/a<br>BOB REED a/k/a<br>BOBBY REED<br><br>                                    Debtor | Chapter          7<br><br>Case Number:     5-13-bk-02006-JJT |
| ROBERT JOHN REED,<br>ALBY BLACK,<br>ANALISA BLACK<br><br>                                    Plaintiffs<br><br>                  v.<br><br>HELLER'S GAS, INC. d/b/a<br>BACK MOUNTAIN BOTTLED GAS<br><br>                                    Defendant | **Nature of<br>Proceeding**:   Plaintiffs' Motion Under<br>Bankr. Rule 9024 and Fed.R.Civ.P. 60(a) to<br>Correct Order Entered to Doc. 66. (Doc. #67)<br><br><br><br><br>**Adversary Number: 5-13-ap-00207-JJT** |

# OPINION

The Court will adopt the procedural rendition summarized in the Plaintiffs' Brief in Support of their Motion inasmuch as it has not been challenged.  Plaintiffs initiated an action under 11 U.S.C. § 362(k) alleging a violation of the automatic stay in response to which the Defendant creditor acknowledged liability but requested a hearing on attorney fees under § 362(k)(1).  On July 23, 2015, the Court heard argument, after which, it entered a bench decision that awarded the Plaintiff the "full amount requested."  Four days later, on July 27, 2015, the Court entered a written Order approving the original Fee Application of $38,964.68.  In their Motion for reconsideration, the Plaintiffs argue that "the full amount" should include $7,395 for time spent litigating after the original action was filed.

I will explain the inconsistency between the bench order and the written order by suggesting that a review *of Baker Botts L.L.P. v. ASARCO, LLC*, 135 S.Ct. 2158 (2015) caused the Court to rethink its bench ruling and issue the written order which is the subject of the instant Motion. More specifically, found in *ASARCO* was language reading, "[i]n our legal system, no attorneys, regardless of whether they practice in bankruptcy, are entitled to receive fees for fee-defense litigation absent express statutory authorization." *Baker Botts L.L.P. v. ASARCO, LLC*, 135 S.Ct. at 2168. At least one District Court has taken that very position relative to a § 362(k) case. *City of Philadelphia v. Walker*, 2015 WL 7428501 (E.D.Pa., Nov. 23, 2015). Nevertheless, further review of another Supreme Court case, *Commissioner v. Jean*, 496 U.S. 154, 160–166, 110 S.Ct. 2316 (1990), has led me to the conclusion that my bench order was appropriate inasmuch as Plaintiffs' counsel is not restricted by the language of § 330 but seeks compensation under the broader provisions of § 362(k)(1). Accordingly, I grant the Motion to reconsider and issue the following Order.

By the Court,

_____
John J. Thomas, Bankruptcy Judge
(CMS)

Date: January 7, 2016